State of Montana ex rel. FRED F. BURNELL and BILLIE I. WILLIAMS, Petitioners and Appellants, v. MONTANA LIQUOR CONTROL BOARD and KENNETH M. NEWTON, ASHTON JONES, JOHN J. McLAUGHLIN, ROBERT ARNOT and WALTER G. MORRIS, as members of and constituting said Montana Liquor Control Board, and C. B. SHELTON, as Administrator thereof, RONALD C. DIONNE, Intervener, Respondents.

No. 11115.
Submitted July 26, 1966. Decided September 19, 1966.
418 P.2d 202.

James E. Congdon, Missoula, Mont., for appellants.

146

A. W. Scribner, H. J. Luxan, Helena, Mont., for respondents.

## MEMO OPINION

PER CURIAM:

On August 26, 1965, intervener Dionne filed with the respondent Montana Liquor Control Board, hereinafter referred to as the Board, applications for transfer of certain beer and liquor licenses as to ownership and location. On September 16, 1965, after conducting an investigation, giving notice and holding a hearing, all of which were here subject to challenge, the Board approved the transfer of the licenses as to ownership and conditionally approved the transfer as to location, subject to completion of remodeling work upon the premises. Immediately thereafter intervener consummated the purchase of the licenses and on October 21, 1965, notified the Board of this fact and also advised that he had leased the premises being remodeled for a period of ten years at a monthly cash rental of $1,000, and that intervener had further ordered the fixtures and refrigeration equipment at the approximate cost of $4,100. Intervener further advised the Board that his landlord had contracted for the remodeling work on the premises at a cost of $15,000 and to accomplish such remodeling the landlord had torn out a portion of the building which was to house the licensed premises valued at $12,000 and was adding a 20 foot by 40 foot annex and that such work was expected to be completed in advance of the next Board meeting. On November 16, 1965, a final inspection report by a Board inspector indicated that the premises would be completed about November 22, 1965.

On November 9, 1965, Fred F. Burnell, filed a certiorari proceeding seeking to secure judicial review and annulment of the Board's action in approving transfer as to ownership and location of the liquor license. The District Court upon reading and filing such petition issued an order directed to the respondent Board requiring them to rehear the application for transfer of the ownership and location of the liquor license or in the

alternative to certify fully to the court a transcript of its records and proceedings in such matter and show cause before the court upon a date certain why a writ of certiorari should not be granted. The Board made a motion to quash the order to show cause and filed with the court a certified transcript of its records and proceedings and appeared upon the return day when the matter was argued and the court granted additional time to each party for purposes of submitting briefs.

Thereafter upon motion, notice, stipulation, and order of the court, Ronald C. Dionne was permitted to intervene; and pursuant to stipulation and order of the court Billie I. Williams was permitted to join as a co-petitioner.

On February 1, 1966, the District Court made and entered an order which in part provided: "It is the opinion of this court, based upon the complete file, that the writ of certiorari should not be granted. The file does not disclose that the Respondent Board has exceeded its jurisdiction or that its exercise of discretion is such as to require a writ of certiorari." Judgment of dismissal was filed February 10, 1966. Notice of appeal was filed on March 2, 1966.

In this court on July 26, 1966, the intervener and respondents moved to dismiss the appeal, with prejudice, upon the ground that the Record on Appeal clearly shows that the appellants have no beneficial interest in the subject matter of the proceeding, suffered no prejudice as a result of the orders sought to be reviewed; that they are guilty of laches; that the status quo of the parties cannot be restored; that any reversal of the judgment would work an unconscionable injustice to intervener; that the issues are moot, abstract and academic.

It is apparent from the recitation of facts that the intervener has expended considerable sums of money in reliance upon the actions of the Board; that others not parties to this suit have also made improvements to their property to accommodate the intervener at their expense; that except for completion of the remodeling project all things were done prior to any proceedings

on the part of petitioners; that the status quo of intervener as of August 26, 1965, when he filed his application for transfer with the Board, cannot be restored.

It is also worthy of note that no challenge is made to the transfer of the ownership or location of the beer license as distinguished from the liquor license so that even if successful the petitioners would not have achieved their stated purpose.

Further, the motion to dismiss was heard at the time of oral argument of the appeal and this court has been fully advised of all circumstances existing in this matter, and of the fact that the premises remodeling was completed, the licenses issued, the fixtures and other equipment purchased and installed, and the bar opened for business and has been so operating for many months. Also, that no stay was ever granted nor sought by petitioners. Also, it should be noted that the petitioner Burnell who commenced this proceeding, had in fact had notice by reading the legally published notice in the newspaper and it was not until some time later that Billie I. Williams, a person who had not read the newspaper, was allowed to enter the case.

Detailing the various contentions of petitioners would only lengthen this opnion and serve no useful purpose. We are satisfied that the motion to dismiss this appeal is well taken and should be granted.

It is therefore ordered that this appeal be, and it is hereby, dismissed with prejudice. Each party shall bear its own costs.